IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GORDON L. GEORGE, | ) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-06-960-C |
| CAROLYN COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff's application for disability insurance benefits was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the Agency's decision. In December 2011, the Tenth Circuit reversed the Commissioner's denial of disability insurance benefits, and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On April 8, 2013, the Commissioner issued the Notice of Award, awarding Plaintiff $71,041.00 in back benefits. By prior Order the Court had denied Plaintiff EAJA fees. Plaintiff's counsel now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

The contingent fee agreement executed between Plaintiff and his counsel indicated that if Plaintiff were awarded benefits he would pay counsel a fee equal to 25% of the past due award. Now that the Notice of Benefit has been issued, counsel seeks an award of attorney fees. By prior Order, the Court granted Plaintiff's motion pursuant to Fed. R. Civ. P. 60, reopening the case so that this motion for attorney fees could be timely filed. Plaintiff's counsel seeks a fee of $17,760.25. Section 406(b)(1)(A) states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Where a contingent fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). In support of the motion, counsel has attached a time report demonstrating that counsel expended approximately 107.10 hours of attorney time in performing the work before the Court. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. Indeed, the benefits awarded to Plaintiff certainly justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the character of the representation or the results achieved were in any way deficient.

Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to 42 *USC* § 406(b) (Dkt. No. 51) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $17,760.25. Pursuant to 42 U.S.C. § 406(b), this amount shall be paid to Timothy M. White.

IT IS SO ORDERED this 30th day of July, 2013.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge